UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Stewart, ) | CV 12-05621 RSWL (AGRx) |
|            Plaintiff, ) | |
|   v. ) | **ORDER Re: MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF WILLIAM STEWART [13]** |
| The Boeing Company, ) | |
|            Defendant. ) | |

Currently before the Court is Felahy Law Group's ("Counsel" or "FLG") Motion to Withdraw as Counsel of Record for Plaintiff William Stewart ("Mr. Stewart"). Having reviewed all papers and arguments pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court **DENIES** Counsel's Motion to Withdraw as Counsel of Record.

**I. Background**

This Action stems from an employment dispute between Mr. Stewart and Defendant The Boeing Company

("Boeing"). In May 2012, Mr. Stewart filed a lawsuit against Boeing alleging various causes of action under California's Fair Employment and Housing Act [1]. On March 19, 2013, Mr. Stewart's Counsel filed the present Motion to Withdraw as Counsel of Record [13]. Counsel seeks leave of Court to withdraw from representation of Mr. Stewart, claiming that a breakdown in communication with Mr. Stewart has occurred such that effective representation is no longer possible.

## II. LEGAL STANDARD

Under the Local Rules for the Central District of California, "[a]n attorney may not withdraw as counsel except by leave of court." L.R. 83-2.9.2.1. Where withdrawal of counsel will cause delay in prosecuting the case to completion, the moving party must show "good cause" for the withdrawal and that the "ends of justice require" withdrawal. L.R. 83-2.9.2.4. See also Thompson v. Special Enforcement, Inc., No. EDCV 04-1666-VAP JCRX, 2008 WL 4811404, at *1 (C.D. Cal. Oct. 27, 2008). A motion to withdraw as counsel may only be made upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.9.2.1.

Absent undue prejudice to the client's interests or to the proceedings in the case, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court." Id. at *2. In ruling on a motion to withdraw as counsel,

2

courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Beard v. Shuttermart of Cal., Inc., No. 07CV594WQHLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008). See also Nedbank Int'l Ltx. v. Xero Mobile, Inc., No. CV07-6594 PSG (AGRx), 2008 WL 4814706, at *1 (C.D. Cal. Oct. 30, 2008). The California Rules of Professional Conduct permit withdrawal of counsel when a client's conduct "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." CA ST RPC Rule 3-700(C)(1)(d). See also Hershey v. Berkeley, No. EDCV 07-689VAP(JCRX), 2008 WL 4723610, at *2 (C.D. Cal. Oct. 24, 2008).

### III. ANALYSIS

Mr. Stewart's Counsel argues that its Motion should be granted because "there has been an irreparable breakdown in communication between Plaintiff and FLG, such that effective representation is no longer possible." Mot. 3:26-27, 4:1. However, Counsel does not specify in its moving papers what "communication breakdown" has occurred or how it has made representation of Mr. Stewart unreasonably difficult, let alone impossible. Counsel also fails to offer evidence of any measures it took to rectify this breakdown of communication with its client. Although

Counsel is allegedly concerned that revealing additional information about the purported communication breakdown will "compromis[e] the attorney-client relationship" (see Mot.3:24-26; Felahy Decl. ¶ 3), Counsel is still required to provide "sufficient factual bases" to establish grounds for withdrawal of counsel. See Thompson, 2008 WL 4811404, at *1.  See also BSD, Inc., v. Equilon Enters., LLC, No. C 10-5223 SBA, 2013 WL 942578, at *3 (N.D. Cal. Mar. 11, 2013) ("While the Court recognizes that [counsel] is concerned . . . about disclosing attorney-client privileged information, it nonetheless must provide the Court with an adequate factual basis for its request to withdraw as counsel . . . ."). Counsel's argument at the Motion hearing fared no better, for Counsel merely reiterated that a breakdown in communication with Mr. Stewart had occurred. Counsel offered no additional evidence or further explanation.

In sum, the Court finds that Counsel has failed to provide "good cause" for granting this Motion.  See L.R. 83-2.9.2.4.  Even Plaintiff, who appeared in court in order to oppose the Motion, does not want Counsel to withdraw and would prefer for FLG to continue representing him in this Action.  Given the notable lack of evidentiary support for Counsel's request, the Court **DENIES** Plaintiff's Motion.  Cf. Hershey, 2008 WL 4723610, at *1-2 (granting the motion to withdraw

because the withdrawing attorneys "paint[ed] a clear picture" of the communication breakdown, including the fact that their client had "ceased all communications" with them and refused to respond to telephone calls, emails, and letters).

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Counsel's Motion to Withdraw as Counsel of Record for Mr. Stewart.

**IT IS SO ORDERED.**

DATED: May 2, 2013

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

5