Allen B. Felahy (State Bar No. 190177)
AFelahy@Felahylaw.com
Oscar Ramirez (State Bar. No. 236768)
ORamirez@Felahylaw.com
**FELAHY LAW GROUP**
4000 Cover Street, Suite 100
Long Beach, California 90808
Phone: (562) 499-2121
Fax:    (562) 499-2124

Attorneys for Plaintiff William Stewart

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEWART, an individual. <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, a Delaware Corporation and DOES 1 through 50, inclusive. <br><br> Defendants. | Case No. CV12-5621 RSWL (AGRx) <br><br> **NOTICE OF MOTION AND MOTION OF FELAHY LAW GROUP TO WITHDRAW AS COUNSEL FOR PLAINTIFF WILLIAM STEWART** <br><br> Date:        June 18, 2013 <br> Time:        10:00 <br> Courtroom:   21 <br> Judge:       Ronald S.W. Lew |

-1-  Notice of Motion and Motion of Felahy Law Group To Withdraw As Counsel for Plaintiff

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on June 18, 2013 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 21 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California 90012, the law firm of Felahy Law Group, APC ("FLG"), counsel of record for Plaintiff William Stewart ("Plaintiff"), will and hereby does move this Court for an order under L.R. 83-2.9.2.1, permitting its withdrawal as counsel for Plaintiff William Stewart, an individual, based on Mr. Stewart's failure to pay FLG's attorneys' fees, on a breakdown in communication between Mr. Stewart and FLG, and on conduct of Mr. Stewart that makes it unreasonably difficult for FLG to carry out its duties.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 12, 2013. Defendant does not oppose this Motion. However, FLG understands that Mr. Stewart will likely oppose the Motion.

Pursuant to L.R. 83-2.9.2.1, on May 15, 2013, FLG gave written notice to Plaintiff William Stewart of this Motion.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Allen B. Felahy, the concurrently-lodged Confidential Supplemental Declaration of Allen B. Felahy and Confidential Declaration of Jennifer Yanni, which have been lodged with the Court under seal for the Court's **in camera review only**, the pleadings and other papers on file in this action, and all matters of which the Court may take judicial notice.

Dated: May 15, 2013

Respectfully submitted,

FELAHY LAW GROUP

By:
Allen Felahy
Attorneys for Plaintiff William Stewart

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The law firm of Felahy Law Group ("FLG") respectfully requests that the Court permit it to withdraw as counsel for Plaintiff William Stewart. Unfortunately, FLG can no longer serve as attorneys for Mr. Stewart, as he has failed to pay FLG's fees and has engaged in other conduct, the details of which have been submitted to the Court for its in camera review, that requires that this Motion be granted.

## II. BACKGROUND

**A. Mr. Stewart Has Failed To Pay For His Legal Representation Since October 2012.**

On January 3, 2012, Mr. Stewart signed an engagement agreement, retaining FLG to represent him in this action. (Allen B. Felahy ("Felahy Decl.") at ¶ 2). Under the agreement, Mr. Stewart agreed to pay a per hour rate for FLG's legal services and to pay out-of-pocket costs on a monthly basis. (Id.)

As of the close of February 2013, and before FLG commenced its efforts to withdraw, Mr. Stewart's outstanding balance with FLG was $16,932. (Felahy Decl. ¶ 3). Mr. Stewart last made any payment to FLG in October 2012. (Id.) Since that time, FLG has repeatedly requested payment from Mr. Stewart and advised him that FLG could not continue as his counsel without payment. (Id.) Mr. Stewart has failed to pay any of the past due amounts, and FLG has reason to believe that it will not be paid in full for any future billings on this matter if it remains counsel for Mr. Stewart. (Id.)

After the April 30, 2013 hearing on FLG's initial Motion to Withdraw, Mr. Stewart stated to FLG's counsel that he "was promised a contingency." That is not accurate. FLG has not entered into a contingency fee agreement with Mr. Stewart. (Felahy Decl. ¶ 4). Nor has FLG made any representation to Mr. Stewart that FLG would do so. (Id.)

//

B. **Mr. Stewart Has Engaged In Conduct That Makes It Unreasonably Difficult For FLG To Carry Out Its Employment Effectively.**

By the Confidential Supplemental Declaration of Allen B. Felahy and Confidential Declaration of Jennifer Yanni, which have been lodged with the Court under seal for its in camera review only, FLG provides additional evidence in support of the Motion.

C. **FLG Provided Mr. Stewart With Written Notice Of The Hearing On This Motion.**

On March 12, 2013, FLG requested that Mr. Stewart sign a Request for Approval of Substitution of Attorney ("Request"). (Felahy Decl. ¶ 5). Mr. Stewart, however, did not provide FLG with a signed Request. (Id.)

On March 19, 2013, FLG provided Mr. Stewart with written notice that FLG would file its initial Motion to Withdraw, which was heard by this Court on April 30, 2013. On April 30, 2013, the Court denied FLG's initial Motion to Withdraw on the grounds that it was insufficiently supported by facts.

Since the April 30, 2013 hearing on FLG's initial Motion to Withdraw, Mr. Stewart has continued to fail to pay any amount of his outstanding legal fees. (Felahy Decl. ¶ 6).

On May 15, 2013, FLG provided Mr. Stewart with written notice that FLG would file the instant Motion to Withdraw, and that it would be heard by the Court on June 18, 2013 at 10:00 a.m. (Felahy Decl. ¶ 7).

## III.   ARGUMENT

A. **Legal Standard.**

Under the Local Rules, "[a]n attorney may not withdraw as counsel except by leave of court." Local Rule 83–2.9.2.1. District courts have broad discretion in determining what constitutes good cause to withdraw under a particular set of circumstances. See Thompson v. Special Enforcement, Inc., 2008 WL 4811404 (C.D. Cal. 2008); see also Pedraza v. Alameda Unified School Dist., 2008 WL

482846 (N.D. Cal. 2008); <u>Whiting v. Lacara</u>, 187 F.3d 317 (2d Cir. 1999). In determining how best to exercise that discretion, judges often look to the ABA Model Rules of Professional Responsibility, as well as the state's Professional Responsibility Rules for guidance. <u>See</u> <u>Whiting</u>, 187 F.3d at 321.

ABA Model Rule 1.16 contemplates withdrawal in instances where "the client fails substantially to fulfill an obligation to the lawyer." In addition, the Rule contemplates withdrawal in instances where "the representation will result in an unreasonable financial burden on the lawyer." <u>Id.</u>

Under California Rule 3-700, an attorney may withdraw under the following circumstances, which are present here: (1) "The client breaches an agreement or obligation to the member as to the expenses or fees." (Cal. R. Prof. Conduct 3-700(C)(1)(f)); (2) "The client by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." (Cal. R. Prof. Conduct 3-700(C)(1)(d)); and (3) "The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." (Cal. R. Prof. Conduct 3-700(C)(6)).

**B.     Withdrawal Of FLG Is Warranted.**

The Motion should be granted because Mr. Stewart has "breach[ed] an agreement or obligation to the member as to the expenses or fees"; and (2) "by other conduct [has] render[ed] it unreasonably difficult for the member to carry out the employment effectively." <u>See</u> Cal. R. Prof. Conduct 3-700(C)(1)(f), 3-700(C)(1)(d).

<u>First</u>, numerous district courts in this district have granted motions to withdraw where the client failed to pay attorneys' fees. <u>See, e.g.</u>, <u>Garnica v. Fremont Inv. & Loan</u>, No. SA CV 12–1366–DOC (MLGx), 2012 WL 5830078, *1-2 (C.D. Cal. Nov. 14, 2012) (granting motion to withdraw where Plaintiff "failed to pay an outstanding balance on the retainer agreement, as well as fees for work in July and August."); <u>Arch Ins. Co. v. Allegiant Professional Business Services, Inc.</u>, No. CV 11–1675 CAS (PJWx), 2012 WL 1745585, *1 (C.D. Cal. May 16, 2012) (granting motion to

withdrawn based on client's "failure to pay fees and his failure to communicate").

Here, Mr. Stewart's outstanding balance with FLG was $16,932 <u>before</u> FLG sought to withdraw. Mr. Stewart last made any payment to FLG in October 2012. Since that time, FLG has repeatedly requested payment from Mr. Stewart and advised him that FLG could not continue as his counsel without payment. (Felahy Decl. ¶ 3). Mr. Stewart has failed to pay any of the past due amounts, and FLG has reason to believe that it will not be paid in full for any future billings on this matter if it remains counsel for Mr. Stewart. (Felahy Decl. ¶¶ 3, 6). Continued representation will result in an "unreasonable financial burden" on FLG. <u>See</u> ABA Model Rule 1.16

Under strikingly similar facts, other courts in this District have granted motion to withdraw. <u>See, e.g.</u>, <u>Garnica</u>, 2012 WL 5830078, *1-2; <u>Arch Ins. Co.</u>, 2012 WL 1745585, *1 (C.D. Cal. May 16, 2012). On this basis alone, the Motion should be granted. The Court need go no further.

<u>Second</u>, it is well established that counsel "may withdraw as the attorney of record if the client's 'conduct renders it unreasonably difficult for the member to carry out the employment effectively.'" <u>Beard v. Shuttermart of Cal.</u>, 2008 WL 410694, *2 (S.D. Cal. Feb. 13, 2008) (quoting Rule 3-700(C)(1)(d)). In evaluating similar motions to withdraw as counsel, court have recognized that "[u]nder the State Bar of California Rules of Professional Conduct, attorneys are bound to preserve client confidences when seeking withdrawal, if disclosing them would prejudice the client or violate the counsel's duty of confidentiality. In light of these limitations, counsel often is not able to discuss in detail the reasons for withdrawal." <u>Pacific Rollforming, LLC v. Trakloc Intern.</u>, 2008 WL 4682239, *1 n.1 (S.D. Cal. Oct. 21, 2008) (citing Cal. R. Prof. Conduct 3-700(A)(2)). Based on the enumerated sections of the California Rules set forth above, FLG submits that its withdrawal from this case is appropriate.

FLG understand that the Court requires an adequate factual basis to support a request for withdrawal. <u>See e.g.</u>, <u>BSD, Inc., v. Equilon Enters., LLC</u>, No. C 10-5223

SBA, 2013 WL 942578, at *3 (N.D. Cal. Mar. 11, 2013) ("While the Court recognizes that [counsel] is concerned . . . about disclosing attorney client privileged information, it nonetheless must provide the Court with an adequate factual basis for its request to withdraw as counsel . . . ."). Although FLG contends that Mr. Stewart's longstanding failure to pay his attorneys' fees since October 2012 and FLG's good faith belief that it will not be paid in the future, standing alone, warrants withdrawal in this case, FLG has submitted two declarations for the Court's in camera review. Those declarations provide additional facts that support withdrawal here under California Rule of Professional Conduct 3-700(C)(1)(d) and 3-700(C)(6).

## IV.   CONCLUSION

For the foregoing reasons, FLG respectfully requests that the Court grant the Motion.

Dated:  May 15, 2013                         Respectfully submitted,

                                             FELAHY LAW GROUP, APC


                                             By:   /s/  Allen B. Felahy
                                                   Allen B. Felahy

                                             Attorneys for Plaintiff William Stewart

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 4000 Cover Street, Suite 100 Long Beach, California 90808.

On May 15, 2013 I served the following documents:

**1. NOTICE OF MOTION AND MOTION OF FELAHY LAW GROUP TO WITHDRAW AS COUNSEL FOR PLAINTIFF WILLIAM STEWART**

**2. DECLARATION OF ALLEN B. FELAHY IN SUPPORT OF MOTION OF FELAHY LAW GROUP TO WITHDRAW AS COUNSEL FOR PLAINTIFF WILLIAM STEWART**

**3. [PROPOSED] ORDER GRANTING MOTION OF FELAHY LAW GROUP TO WITHDRAW AS COUNSEL FOR PLAINTIFF WILLIAM STEWART**

upon the interested parties in this action by placing [ ] the original [ X ] true copies thereof, enclosed in a sealed envelope addressed as follows:

> Daniel F. Fears, SBN 110573
> Sean A. O'Brien, SBN 133154
> PAYNE & FEARS LLP
> 4 Park Plaza, Suite 1100
> Irvine, California 926514

> **William Stewart**
> 8111 Bangor Ave.
> Hesperia, CA 92345

[ X ] **(BY MAIL )** I am readily familiar with Felahy Law Group's practice for collection and processing of correspondence for mailing within the United States Postal Service; such envelope will be deposited with the United States Postal Service on the date shown below in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing on the date shown below according to Felahy Law Group's ordinary business practices.

[ X ] **(FEDERAL COURT)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 15, 2013, at Long Beach, California.

Caty Cortez