**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

William Stewart,

Plaintiff,

v.

The Boeing Company,

Defendant.

CV 12-05621 RSWL (AGRx)

**ORDER RE: MOTION OF FELAHY LAW GROUP TO WITHDRAW AS COUNSEL FOR PLAINTIFF WILLIAM STEWART** [26]

Currently before the Court is a motion filed by Felahy Law Group ("Counsel"), which represents Plaintiff William Stewart ("Plaintiff") in this Action, to Withdraw as Counsel for Plaintiff [26]. Having reviewed all papers and arguments pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

The Court **GRANTS** Counsel's Motion to Withdraw as Counsel for Plaintiff.

## I. BACKGROUND

This Action stems from an employment dispute

between Plaintiff and his former employer, Defendant The Boeing Company (“Defendant”). On May 4, 2012, Plaintiff filed a lawsuit against Defendant under the California Fair Employment and Housing Act (“FEHA”) [1]. On March 19, 2013, Counsel filed a Motion to Withdraw as Counsel of Record [13], claiming that there was a “breakdown of communication” between Plaintiff and Counsel. The Court denied Counsel’s Motion, finding that Counsel had not provided sufficient evidentiary support for the Court to permit the withdrawal [23]. On May 15, 2013, Counsel filed a second Motion to Withdraw as Counsel, which is currently before the Court, claiming that Plaintiff breached his agreement to pay Counsel’s hourly rate and monthly out-of-pocket costs and has otherwise made it unreasonably difficult for Counsel to effectively carry out its representation of Plaintiff [26].

## II. LEGAL STANDARD

According to the Local Rules for the Central District of California, “[a]n attorney may not withdraw as counsel except by leave of court.” L.R. 83-2.9.2.1. Where withdrawal of counsel will cause delay in prosecuting the case to completion, the moving party must show “good cause” for the withdrawal and that the “ends of justice require” withdrawal. L.R. 83-2.9.2.4. See also Thompson v. Special Enforcement, Inc., No. EDCV 04-1666-VAP JCRX, 2008 WL 4811404 at *1 (C.D. Cal. Oct. 27, 2008). A motion to withdraw as counsel may

only be made upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.9.2.1. It is especially important that reasonable notice be given to moving counsel's client because, upon withdrawal, the client will be forced to proceed *pro se* or appoint new counsel through a substitution of attorney. L.R. 83-2.9.2.2.

"The decision to grant or deny counsel's motion to withdraw is committed to the sound discretion of the trial court." Thompson, 2008 WL 4811404 at *2 (quoting Kassab v. San Diego Police Dep't, No. 07cv1071 WQH (WMc), 2008 WL 251935 at *1 (S.D. Cal. Jan. 29, 2008)). In ruling on a motion to withdraw as counsel, district courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." Beard v. Shuttermart of Cal., Inc., No. 07CV594WQHLS, 2008 WL 410694 at *2 (S.D. Cal. Feb. 13, 2008). See also Nedbank Int'l Ltx. v. Xero Mobile, Inc., No. CV07-6594 PSG (AGRx), 2008 WL 4814706 at *1 (C.D. Cal. Oct. 30, 2008). Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation. See Denney v. City of Berkeley, No. C 02-5935 JL, 2004 WL 2648293 at *2-*3 (N.D. Cal. Nov.

18, 2004) (looking to the California Code of Professional Conduct when determining counsel's motion to withdraw).

## III. ANALYSIS

The Court **GRANTS** Counsel's Motion to Withdraw because (1) notice of this Motion has been provided by Counsel to both Plaintiff and Defendant, (2) good cause exists to allow withdrawal of Counsel, and (3) Counsel's withdrawal will not unduly prejudice the Parties, harm the administration of justice, or unduly delay resolution of this case. The failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation. See Dist. Council 16 N. Cal. Health & Welfare Trust Fund v. Lambard Enters., Inc., No. C 09-05189SBA, 2010 WL 3339446 at *1 (N.D. Cal. Aug. 24, 2010); Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). See also Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(f) (permitting counsel's withdrawal from representation if a client "breaches an agreement or obligation to the [attorney] as to expenses or fees"); Model Rules of Prof'l Conduct R. 1.16(b)(6) (permitting counsel's withdrawal from representation if "the representation will result in an unreasonable financial burden on the lawyer"). Counsel has sufficiently established that there is good cause for withdrawing from representation because since November 2011 Plaintiff has failed to pay the

outstanding balance for his legal representation, and it is unlikely that Plaintiff will rectify this situation in the future. It is evident that Counsel's continued representation of Plaintiff in this Action will result in an unreasonable financial burden on Counsel. See Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(f); Model Rules of Prof'l Conduct R. 1.16(b)(6).

Moreover, in light of the evidence before the Court, it does not appear that Counsel's withdrawal from this case will unduly prejudice the Parties, harm the administration of justice, or unduly delay the resolution of this case. Beard, 2008 WL 410694, at *2. Based on the dates set in the Court's Scheduling Order for this case [9], there is sufficient time for new counsel to be hired and sufficiently familiarized with the case without unduly delaying the proceedings or prejudicing the Parties.

With regard to Defendant's request that all dates in this Action, including the motion and discovery cutoff dates and the trial date, be continued for at least 120 days, the Court **DENIES** the request because it is procedurally improper. Should Defendant wish to continue the dates in this Action, Defendant should meet and confer with Plaintiff or with Plaintiff's new counsel regarding a stipulation to continue the dates or the possibility of filing a regularly noticed motion seeking as much. See L.R. 7-3.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Counsel's Motion to Withdraw and **DENIES** Defendant's request to continue all dates in this Action.

The Felahy Law Group shall ensure the proper transfer of the case file to Plaintiff and/or his new counsel.

**IT IS SO ORDERED.**

DATED: June 19, 2013

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge